**Opinion issued March 28, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00089-CV

———————————

**IN RE INTERCONTINENTAL TERMINALS COMPANY, LLC, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Intercontinental Terminals Company, LLC advised this Court on March 1, 2022 that the parties had mediated and reached a settlement but that the settlement was subject to the approval of the Department of Labor under the Longshore and Harbor Workers' Compensation Act.[1] When no further update was received, the Court issued an order on July 28, 2022, requesting a status update

---

[1] The underlying case is *Michael Grable v. Texas Mooring, LLC and Intercontinental Terminals Company, LLC*, cause number 2019-59120, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

within ten days of the date of the order. Real party in interest Michael Grable responded on August 5, 2022, stating that the Department of Labor had approved the settlement and that resolution of the settlement should be completed within thirty days and the parties would file a joint motion for dismissal. Although real party advised this Court via letter filed on August 26, 2022 that the parties had filed a joint stipulation to dismiss the trial court case with prejudice, no motion to dismiss the original proceeding, or any further update, was filed.

On November 10, 2022, the Court issued an order advising the parties that it had come to the Court's attention that the trial court had signed orders of nonsuit dismissing the plaintiff's (real party's) claims with prejudice. Accordingly, the Court advised the parties that the Court might dismiss the original proceeding as moot unless relator filed a response within ten days explaining why the proceeding was not moot. Relator failed to file a response, but real party filed a letter on November 23, 2022, stating that the controversy between the parties had been resolved and no justiciable controversy remained pending in the trial court. Therefore, real party asserted that the petition for writ of mandamus should be dismissed as moot.

We dismiss this proceeding as moot. Any other pending motions are also dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.